21-8087, United States v. Nielsen. Ms. Yaffe, please. Good morning, and may it please the Court. My name is Leah Yaffe, and I represent Mr. Brian Nielsen. In November 2020, the District of Wyoming issued a general order imposing a one-size-fits-all, modified sexual material condition on all applicable current and future supervisees across the District, including Mr. Nielsen, though it wasn't docketed in this case. That condition prohibits accessing any adult sexually explicit material in any format. When probation later moved to revoke Mr. Nielsen's supervised release based in part on violations of the condition in that general order, both parties jointly moved to dismiss the violations because the District Court had failed to comply with this Court's ruling in United States v. Cook. Let me pursue this general order. Did this general order supersede a prior general order stating what the condition of supervised release should be in this circumstance? The general order is written to supersede anyone who has the right, and did that condition that had been one of these? I don't believe so. It wasn't like there was a general order earlier that it said this should be the language, and now we have a new general order saying this should be the new language. Not to my knowledge. At least in Mr. Nielsen's case, it was imposed at his sentencing as part of his judgment. It wasn't through a general order when the original condition was imposed, but then this the District Court to issue that general order. That is so contrary. General orders are supposed to be procedural stuff, and even then, they should usually be in local rules. Wasn't this a void, this general order void? I don't think the general order is necessarily void. The District Court... Why not? To begin with, if it is void, I don't think it would affect Mr. Nielsen's ask in this case, because the petition to revoke is based on the modified condition, but the general order itself... Well, there was a modified condition. That was the modified condition, was the general order. Yes. I guess my point would be that either for the reasons stated in the opening brief, these violations shouldn't be considered in Mr. Nielsen's sentence, or because the general order is considered void, the violation shouldn't be considered in Mr. Nielsen's sentence, because they're all tied to specifically the language in the general order. The District Court, as it's reasoning... You're going too fast for me. I'm not following you. If the general order is a nullity... If we're operating under the assumption that the general order is a nullity... I'm sorry, you're... If we are assuming that the general order is a nullity, then I think the outcome in this case is the same, or the ask to the court is the same, which is to... Well, there's one big issue, and that is the time to appeal. Are you making an as-applied challenge here? No. Okay. So if you're not making an as-applied challenge, and the general order is a nullity, then what right do you have to appeal the special condition of release? It's an untimely appeal, is it not? I think it's important to remember that the District Court... We are timely appealing the revocation proceedings below, and the District Court ruled on this exact issue below, and it imposed a sentence based on the idea of the general order being violated, so that sentence would need to be vacated and remanded to the District Court. Why? I mean, what difference did it make in terms of the violation here? If it was a violation of the modified order, it was clearly a violation of the earlier language. So if we say that the general order is a nullity, tell me where I'm going wrong here, then you had not appealed the imposition of the special condition of release at the time it was entered. Therefore, you can only make an as-applied challenge to that order, and you're not making an as-applied challenge, so your only thing you can appeal is whether there was a factual basis for the violation of the special condition of release. My argument is we would be appealing, and what we did appeal from the District Court's decision is... Or what the District Court ruled on below is whether there's a factual basis to violate the conditions specifically listed in the general order. That's what's in the petition to revoke. That's what the government is operating... Whether he factually violated the special condition of release. Yes, you can certainly challenge that, but you can't challenge the validity of the special condition of release or the fact that maybe there wasn't a factual basis for imposing the special condition of release. I would just contextualize this in a hypothetical of listening that the general order is void, which isn't something that we're conceding in Mr. Nielsen's case. I think the District Court operated under the assumption that it could impose this general order based on Rule 32.1. There may be issues with imposing the general order, but the government, no parties here, and the District Court below have suggested that this isn't the condition that's in effect in Mr. Nielsen's case. I think, if anything, the District Court sort of accepting that this is the condition in this case and the proceedings below and finding a violation based on that condition, this is what we're evaluating. Well, I'd like you to address it as if the general order was a nullity, because I don't understand how it could be anything else. Maybe there's an argument for that. I think if the general order is a nullity, then we're in a situation where there was never a petition to revoke Mr. Nielsen based on the original special condition. The petition to revoke specifically uses the language from the general order as what Mr. Nielsen violated in the District Court in the proceedings below. But any violation of the general order would have been a violation of the original. That's just not what happened in this case. It's not what the District Court is ruling on, and it's not what any party, including Mr. Nielsen, thought was the condition in this case at that time. So why does that make a difference? Why would the proceeding have been any different if they had recognized that the original special order was what was in effect? Not the special order, special conditions of release. Sure. Two points that I hope get to your question. The first, I don't mean to keep pushing back on this idea, but I think the suggestion that we can pretend like the original special condition is what was evaluated below and what Mr. Nielsen can be held accountable for, even if there are issues with the imposition of the general order, that poses a lot of logistical and possible due process concerns here, because you have any individual supervisee who thinks that they're operating under the general order. Now, theoretically, it can be violated for conduct that would have violated the original condition, but not the modified condition. But that's not the situation here. It's not, but I think that should go in the analysis of whether you can say that this petition to revoke can just be retroactively have appeal rewritten to suggest it was from a different condition. Well, the question is, what difference, what prejudice would there be? You have as much notice as you're going to get from using the language of the general order. So how is the defendant prejudiced in any way if we say the general order is null? I think the prejudice is the district court in imposing the general order is effectively saying that that original sexual material condition can't be justified. It's too broad to be justified with respect to any supervisee in the District of Wyoming, including Mr. Nielsen. So we have this takeaway from the general order, whether it's white or not. The district doesn't think that the original condition is appropriate with respect to Mr. Nielsen or anybody else. And then the district court doesn't take the next step, which is to say, okay, well, what degree of intrusion on this person's fundamental First Amendment right is appropriate. That's what we're missing in this case. We know the original sexual material condition, as of at least November 2020, didn't seem to be justifiable to the district court, but we don't know what would have been justifiable. And had the district court actually undergone the analysis that's required in Koch in November 2020, when it decided to issue a modified order, then it may not have imposed this broad of a condition, even if the original condition was broader. What the district court's saying is at this point in time, something narrower needs to apply to Mr. Nielsen, and it's not telling us exactly why this condition is what's appropriate. And I think that that is a harm to Mr. Nielsen because... It may be a harm, but you don't have a remedy because your time for appeal expired. What gives you the right to appeal, to challenge something that you didn't appeal at the outset? Because of the way the general order was imposed, and maybe it was imposed incorrectly, but that would still be something that Mr. Nielsen would be permitted to challenge, and he never expired his time to appeal that general order because of the fact that it wasn't docketed on his case. That's a real problem with the general order not being docketed, not being entered. And I'm not aware of any authority to impose a substantive rule under a general order, or any precedent for it. Do you know of any precedent for that? I don't know of precedent of a particular situation. I think the issue here, though, is that if we operate under the assumption that A, the general order was imposed incorrectly for maybe the Koch reason or maybe the reason Your Honor is suggesting, and B, that somehow Mr. Nielsen has no recourse for challenging the fact that he thinks he's under this condition, but maybe he's actually under this condition because it was never docketed in his case. There's no, I don't think the time model implies that. Why do we even look at him by no recourse? He's no recourse. But he's not being, he's not, they're not seeking revocation for anything that was in the general order that's not in the revised order. But the district court decided to act. It might have acted incorrectly, but there's no exception under Koch for the district court to decide to impose a condition, do it wrong, and then leave the defendant without recourse. And I think one thing that's... Whoa, whoa, whoa, whoa. I don't mean to interrupt, Your Honor. No, just say that again. There's nothing. Yes, there is. It's too late to appeal. That happens whenever there's a mistake. But he's not, I mean, the district court did something wrong. Originally, yes. Potentially in multiple ways, but definitely at least in the Koch way. And there has to be an opportunity for the person that that error affects to challenge it, to suggest that he's time-barred. Yeah, there was. Yeah, he's time-barred by it. You have a right to challenge, but you've got to do it pretty promptly. But he's not time-barred if the order was never docketed on his case in his time... No, I'm sorry. I thought you were saying the original. No, I'm saying he's not time-barred from challenging the imposition of the general order for whatever reason that it was imposed incorrectly, because it was never docketed on his case. So I do think that... First of all, there was no prejudice to him from the new general order, but it was a nullity anyway. I think the idea that there's no prejudice to him is missing sort of the underlying reasoning for having a modification proceeding or imposing modified orders in the first place. And that's, we don't think that the appropriate intrusion on somebody's First Amendment rights or any other fundamental right is a static question that can be decided once and forever. It's the same degree of intrusion that's always going to be appropriate for a specific supervisee. The district court is telling us in this general order that the original sexual material condition is too broad. It cannot be justified for anybody across the District of Wyoming. It tries to fix that. Supervisees are under the impression that it has imposed a different order, that they have a different rule to follow, that they can watch sexually stimulating material, but not other types of material. I thought the allegation here was that the defendant didn't know about this. Our allegation isn't about notice. The idea is that had the district court, when it decided that an amended condition was appropriate in November 2020, had it decided or had it taken the appropriate procedural steps that it was supposed to take and actually conducted an individualized assessment of Mr. Nielsen, it may not have imposed this broad of an amended sexual material condition. When are you supposed to raise that challenge? When are you supposed to raise that challenge? You're supposed to raise it in the district court proceedings, which Mr. Nielsen did at his first opportunity, and on direct appeal. Why do you say first opportunity? You can't have it both ways. You can't say he was laboring under this misperception that the general order was invalid, but then say he didn't know about it beforehand, so he could wait until he was revoked before he raised the challenge to it. Either he knew it or he didn't. I think that ... I'm watching my time. I was hoping to save some time for rebuttal. I think the point here is that in the typical case, you would have a pre-enforcement opportunity to object in the district court, which wasn't an option here because it was issued by general order, posted on the District of Wyoming website, nothing in Mr. Nielsen's case. He doesn't have appointed counsel at that time. He doesn't next go before the district court or next have appointed counsel and tell the proceedings below. That's his first opportunity to object, and the government doesn't dispute this. In fact, the government joined him in this objection in the district court below, and the district court didn't think it was too late because the district court ruled on the objection. He takes advantage of his first chance at pre-enforcement review. Then he takes advantage of his ability to challenge the imposition of this condition on appeal, both because the district court reviewed it below, but also because the general order was not docketed, and so his 14-day window of time to appeal the general order and appeal his imposition never began to run before these proceedings. I see that I am out of time. You'll have some time for rebuttal. Thank you. I appreciate that, Your Honor. Does anyone have a question? No. Thank you. May it please the court? Counsel? My name is Christine Martins, and I represent the government. In light of the concession that this is not an as-applied challenge, I think that the only thing left to challenge in this case would be then the factual basis for the violations in terms of supervised release. That's a challenge that Mr. Nielsen has not brought on appeal today. I think that if that concession is how I understand it, that resolves this case, and this court can simply affirm. But I got the feeling that the panel would probably like to discuss perhaps the general order or some of the . . . The way that I understood the defendant was getting around the fact that he wasn't raising an as-applied challenge. It was to say, we're not limited to an as-applied challenge. We are appealing from the condition of supervised release imposed by the general order. And what I was asking about is, until I hear something to the contrary, I think the general order is a nullity. So there was nothing to appeal. And there was an appeal from the original order. And counsel has made various arguments about why that's unfair, and we'll have to consider those things. But do you want to address that issue? Yeah. Whether they still have a right to appeal the imposition of the conditions of release, not limited just to an as-applied challenge. I don't think that they do. And I think that that's true for a couple of reasons. So first of all, there's the general rule that we are limited to challenging the factual and legal basis for imposing terms of supervised release to the time of sentencing and direct appeal. Mr. Nielsen was sentenced in 2011, and he never appealed. And that was the original imposition of that original term of supervised release, prohibiting sexually stimulated and sexually oriented materials. That Koch specifically found was overbroad, thus precipitating the general order in November 3rd, right? And so just to follow up on this whole point, in terms of the prejudice, when Judge Skavdal then revoked supervised release based not on the original order, but because he, in his view, he's operating under the operative condition being the general order November 3rd, 2020. If the revocation were to be hypothetically correlated to the original order that Koch specifically used that identical language and said was overbroad, I assume the federal public defender would say would have appealed that order and said that is overbroad, see Koch, end of story. They never had to do that because by the time the appeal period had expired, that had already ostensibly been superseded by the general order November 3rd, 2020. So why isn't the defendant prejudiced if we view the November 3rd order as a nullity by virtue of the defendant's inability, no reason that they would have ever prosecuted a dead-bang winner of an appeal because we have a precedent, Koch, that said that exact same language was overbroad. So I think I need to unpack that a little bit. So first of all, Koch commented on the broad nature of the original condition in the footnail, but that was not actually the subject of the appeal, nor was it the subject of Engelhardt. So there's not actually a holding that that term... They could have cited dicta. Yeah. Okay. Exciting dicta, but I think that the concerns expressed by this court in that footnote in dicta were, yes, absolutely the motivating factor for the general order and probably justified. Now moving from that part to Mr. Nielsen's rights, now vagueness and overbreath are the kinds of challenges that we usually see in an as-applied challenge at the time of revocation. And those challenges say things like, well, court, I didn't understand that the conduct that I'm being sanctioned for right now was included in that original condition. Now violation number four about Mr. Nielsen's diary entry and his sexual dream, that might have come under the sort of vagueness or overbreath challenge, and the party specifically talked about for those reasons. But that was dismissed. These are all academic because Judge Skavdal never revoked his supervised release based on the original order. It revoked it based on the November 3, 2020 general order. And so to say, well, he wasn't prejudiced because he would have lost a hypothetical appeal had we, unlike everybody in the case, ignored the November 3 general order, that she would have prosecuted a vagueness argument based on the footnote in Koch, but she probably wouldn't have won because after the fact, we look at what the eventual charges were in the petition for revocation. I mean, it's all make-believe, isn't it? It's all Alice in Wonderland stuff because the judge never purported to revoke the supervised release based on the violation of the original order. So I think I understand your point, although I may have lost you. Well, that's all right. Let me ask a question because I think there's an assumption in Judge Becker-Axe's question that I'm not sure is correct. But say there was no general order, so you just had the initial term, supervised release, and there's a motion to revoke, a petition to revoke, supervised release because of a violation of the original matter. It comes before the district court to revoke this petition to revoke, and the defendant says, well, under this intervening 10th Circuit opinion, that original condition of release was invalid. That can't be raised at the revocation hearing, can it? Because it wasn't appealed? Even though there's now clear law that that condition of release was invalid because it wasn't properly supported, the defendant is stuck with that and can't challenge the validity of the condition of supervised release at revocation unless it's an as-applied challenge. Am I missing something? No, Your Honor. I think you're correct. And I think that's where the parties both in the briefing and below looked at that Lecomte case, the 2015 case from this court, talking about how that particular individual was subject to a condition preventing his contact with children. And that's the case where, I think it's footnote 9 in that case, where this court says that the authority on exactly how an as-applied challenge under 3583D should proceed is virtually non-existent. So, pointing to that case, thinking about the three factors that we must look at under 3583D to impose special conditions, that's where the parties below thought, well, there seems to be a narrow path where Mr. Nielsen could ask for, receive some consideration by the district court about the appropriateness of this condition, all based on that opinion. But as a general matter, a challenge to the factual and legal basis for the imposition of such a special condition must be done at the time of the original appellate window, which Nielsen didn't do here. And I think that, as has been suggested already by the panel, the difference between that original condition and whatever happened with general order, that just doesn't really make a difference here. Because while that general condition was very broad, the conduct at issue in these violations that were at issue in this relocation proceeding was covered under any version of the condition. So no matter what, Nielsen knew what he was doing and accused of being doing and punished for doing in this case was in violation of his terms of supervised release. And he hasn't at any point asserted that he didn't have noticed that his conduct was in violation of that court order. And under those circumstances, it's where we have the district court looking at and the parties saying, well, we think there's this narrow path where we can raise an as-applied challenge under 3583 and that Lecomte opinion, that we can try and remedy the original procedural defect. And I think that it's worth noting that that procedural defect, when Nielsen was sentenced in 2011, it wasn't even a plain error at that time. Well, that doesn't have anything to do with it, does it? Because it hinders it. I mean, we look at plain error at the time the law, at the time that we are applying the law now. Now, I mean, with all fairness to Judge Skabdal, I think that's a legitimate consideration that it wasn't a bizarre error pre-court for him to have done that. Exactly. But as a legal matter, it doesn't have anything to do with it. Do you agree with that? Yeah, I agree with that. My point is only that he didn't object at sentencing, and had he objected on appeal within his original window, that likely would not have gone well for him because we have opinions around that same time dealing with this condition saying it's not a plain error. So it's just to demonstrate that there's an intervening legal change. And so it can hardly be said that there's any abuse of discretion by the district court trying to reach back and give that additional process, remedy that procedural error as soon as it does come to the district court's attention. Now, Mr. Nielsen would like this panel, in looking at what actually happened when the evidence was taken and the findings were made below, to limit the district court to the information that was available to it either at the time of sentencing or the first revocation proceeding. But there's no authority to say that the district court could not consider Mr. Nielsen's performance on supervised release and all of the available evidence up to the time of that second revocation. Okay, I want to make sure you understand. So I didn't even understand in your brief that you're defending the conduct between May and August of 2021. Would you agree that in terms of making retrospective, particularized findings, that it would only make sense to look at the conduct of Mr. Nielsen up to November 3rd, 2020? No. Obviously, he didn't have a crystal ball. He couldn't have made particularized findings in November 3rd, 2020, based on the fact, you know, I think he is going to, in several months, I think he is going to send suggestive pictures. On page 231 of the transcript, or 131, he is specifically relying on information that he was not privy to, either at the time of the original order or at the time of the general order of November 3rd, 2020. Would you agree, you don't acknowledge that you can't make retrospective, particularized findings for November 3rd, 2020 or the original time, based on facts that didn't even exist then? So, I agree with your honor that you can't sort of see into the future. Right. But at the same time, there is no authority that would say that the district court can't base its findings on all of the information that was available to it before Koch. To determine whether to revoke it. But my question is very specific. You know, I think you are arguing that it is harmless because he, as he said, on page 127, would have imposed the same conditions on, you know, made an individualized determination and complied with Engelhardt and Koch on November 3rd, 2020, or the original time. Had he gone through this individualized analysis, but he wouldn't have been privy to those facts. So, distinguish between conduct and what we're talking about in this appeal, which is whether or not it is harmless for him to have failed to make particularized findings, either at the time of the original conditions or as of November 3rd, 2020. On the latter, do you acknowledge that you can't rely on what happened in 2021? He didn't have those. He couldn't have gone into his analysis of making particularized findings when those things hadn't even existed yet. No. And the reason for that is when we look at opinions where we're doing as-applied challenges, those opinions talk not only about the offender's characteristics, original offense conduct, but they talk about all of the conduct up until the time of the revocation proceeding and how it is applied as to these specific violations. And the only available challenge here is an as-applied challenge. So, if we're going to live in the box of the as-applied challenge, then the district court did not abuse its discretion by proceeding as though it's an as-applied challenge because there's no other challenge available to Mr. Nielsen. So, while I think that at first blush, I agree with your honor that it feels sort of counterintuitive to look at that additional information in trying to figure out how to remedy this old procedural problem, but that's just not how as-applied challenges proceed, which allows the district court to consider the full scope of the evidence before it, and there's no authority to say that there's a limitation. I see that I'm out of time. Did I answer the pressing questions of the panel? You answered all of mine. Okay. We'll see. I've got too much to think about to say that. Thank you. Well, if there are no further questions, the government would respectfully request that you refer. Thank you. Give you a minute. Sure. Thank you. So, just quickly, I think the government is operating in the wrong window when we're appealing. You're allowed to appeal a modified condition of release, even if it's a narrower condition. We know that from Englehart, and even if... Did Englehart actually... I mean, it did that. Yes. It's probably contrary to, in that respect, to all the other law on the subject, but did it actually address that issue? Did it say, we can review, you can appeal a modification, even though the only modification was favorable to me, and we can... Let me put it a little differently. I'll give you extra time. Sure. Thank you. If a court changes an order to favor a party, that party does not have the right to appeal the other parts of the original order that weren't modified. That's the standard rule. That is not... That was violated in Englehart, but Englehart never actually discussed that, did it? I might not be totally following the question. I think Englehart was challenging something that was new. Okay. There was a petition to modify the condition to make it narrower, and Englehart is saying, you still applied Koch to a narrower condition even if it's a modification of an original condition, and the reason is because... I don't know that Englehart goes into the reason, but I would posit that the reason is because... It did do what I said. It was complaining about something that had been there in the original order. The original order was narrowed in favor of the defendant, and yet we allowed the defendant to appeal what had not been changed from the original order, and that's probably contrary to the pretty settled law, but that issue was not addressed in Englehart, or was it? I don't think Englehart addresses that exact issue. My two points would be, I think there's a difference between whether you could have a hearing and modification under Rule 32.1 for a favorable condition and whether so-called favorable conditions, in the sense that they're narrower than an original, don't have to comply with Koch. As long as you are intruding on someone's First Amendment right, you need to comply with Koch, and what I think Englehart recognized was that if you're asking, can we apply this modified version of the sexual material condition on Mr. Englehart at this point in time, you have to ask at that point in time, is this a justifiable intrusion on his First Amendment rights? Well, that's what they did in Englehart. I think that aspect of Englehart was not addressed, whether you do have a right to appeal. I think it's hard to imagine that the court was not thinking about this issue. It came up on a petition to modify the specific condition, and then this part of the opinion is about whether that new modification was appropriate under Koch, so I think it's very front and center in the opinion, whether it's explicitly addressed or not, that a modified condition... But there was no discussion of the general law that you can't appeal a narrower... I'm also not aware of general law that you can't appeal a narrower version of a condition. I think that there is a rule of procedure that you might not have a hearing, but that doesn't mean you can't appeal that condition. If the court would permit, I do want to reframe this from the idea that it's a question of fairness or not unfairness to Mr. Nielsen. We have rules in place for when you can make different types of challenges. Here, Mr. Nielsen didn't violate those, and it's just a matter of applying those rules. We have Rule 51B that says if you don't have an opportunity to object, then we consider it to be preserved, and we have Rule 4 that says if an order that you're challenging in here, what Mr. Nielsen is challenging is the general order, wasn't docketed on your criminal case, then you haven't expired your time to appeal, and this court has given a reason for why it normally doesn't allow this type of challenge in a replication proceeding, and it's specifically based on this Rule in Rule 4 that you'd be time barred, and here that's just not the case. He's not time barred. Really quickly on the government as applied challenge, that's just an opposite from the procedural coke challenge we're talking about right now. The government uses it to point to all the new findings in the record about May 2021 and August 2021 violations, but if we're talking about a coke procedural challenge, those findings need to be made before imposition of the condition, so we are limited by the record at least at the time of November 2021. Except to the extent that it would have been harmless, right? You would acknowledge that it would be at least harmless if Judge Skivendall would have made particularized findings as of November 3, 2020 based on the information available at that time. I think that's what we have in this case because the district court sort of was presented with an opportunity to make retrospective findings for the reasons that I put in the briefing, and I can discuss them now if the court is willing. I don't think that those retrospective findings come anywhere near meeting the Rule required in coke. They don't explain why the particular facts that the district court sort of calls out from his record have anything to do with the statutory goals for supervisory release, and then there's no balancing of whether those, even if there is that connection to statutory goals, they justify this First Amendment intrusion, which does go broader even than adult pornography if we're talking about any sexually explicit content in any format for any amount of time. Can I just make sure? I know we're out of time. Can I just make sure of one thing? Yes. That I think I understand, but I think it's fundamental, and I want to make sure I understand. So you've disavowed an as-applied challenge, and now, so on the issue of whether or not you are within your time frame, you're hanging your hat on the assumption that the November 3rd general order is the operative order that gave rise to the revocation and that essentially because it was never docketed in Mr. Nielsen's case that your time to appeal, I mean, you could appeal that today, right? That the time to appeal that November 3rd general, 2020 general order has never expired. It never expired. It might be moved at the point where he's been resentenced, but it had not expired as of the time of the proceedings here. That's my understanding. And that is our argument. I would put the caveat that I think that's true, whether you agree that the general order is the condition that's in place, which the government hasn't disputed in its briefing, or even if the general order was done incorrectly and should be considered void, Mr. Nielsen has an opportunity to challenge that and say so and say why it's wrong, and that appeal hasn't expired either because both relate to the idea of the general order, and that was not docketed on his case, and he raised it the first opportunity he could below and here. Thank you. I think we're done in more ways than one. I thought it was a great argument, by the way. I thought your briefs were pretty good. It was an interesting day. Cases submitted, counts are excused.